```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


MONTEZ BOSTIC,                  )
                                )
          Petitioner,           )
                                )
     v.                         )    No. 4:05CV00998 DDN
                                )
ROBERT H. DIERKER JR.,          )
                                )
          Respondent.           )
```

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Montez Bostic for leave to commence this action without payment of the filing fee [Doc. #3]. See 28 U.S.C. § 1915(a). Also before the Court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #1]. Because petitioner has insufficient funds to pay the filing fee, the Court will grant petitioner leave to proceed in forma pauperis. Upon review of the petition, however, the Court finds that it should be dismissed.

### The petition

Liberally construing the complaint and attached exhibits, it appears that petitioner is a pre-trial detainee awaiting trial on criminal charges pending against him in state court. Petitioner contends that he has been denied equal protection of law in connection with his state criminal proceedings because members of petitioner's race were

systematically excluded from the grand jury that indicted him.

## Discussion

Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed. Although the Court recognizes that the discriminatory exclusion of African-Americans from a grand jury is a structural error necessitating reversal of a conviction, see <u>Vasquez v. Hillery</u>, 474 U.S. 254, 260-65 (1986), nevertheless public policy strongly discourages federal court interference with state criminal proceedings - even by means of federal habeas corpus - absent special circumstances. See <u>Davis v. Muellar</u>, 643 F.2d 521, 525 (8th Cir. 1981). The mere fact that petitioner may have to stand trial and defend himself is not a "special circumstance" which justifies federal court interference with his ongoing state criminal proceedings. <u>Id</u>.

Nothing in <u>Vasquez v. Hillery</u>, which involved a post-conviction federal habeas corpus challenge to the composition of the grand jury, suggests that such federal habeas claims - and federal court interference - should be brought early in the state criminal process. Indeed, the Supreme Court in <u>Vasquez v. Hillery</u> assumed that claims challenging the composition of the grand jury would be asserted in post-conviction federal habeas actions and expressly discounted the problems faced by state prosecutors when convictions are overturned - sometimes years

2

later - because of unlawful discrimination in the grand jury selection process.  <u>Vasquez v. Hillery</u>, 474 U.S. at 262.  While it is true that <u>Vasquez v. Hillery</u> does not expressly preclude federal court intervention while the state criminal action is still pending, this Court finds that the assumption in <u>Vasquez v. Hillery</u> that challenges to the composition of the grand jury would be raised in a post-conviction federal habeas action suggests that there is nothing so obviously special about this type of claim that warrants intervention by a federal court at an earlier stage.  Therefore, the instant petition should be dismissed, without prejudice, because federal court interference with the ongoing state criminal proceedings is not warranted at this time.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #3] is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 {Doc. #1} is **DENIED**.

An appropriate order shall accompany this memorandum and order.

So Ordered this 28th Day of September, 2005.

**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**